**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.   EDCV 07-304-SGL(OPx)                              Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak
==========================================================================

PRESENT: THE HONORABLE   OSWALD PARADA        ☐   U.S. DISTRICT JUDGE

                                              ☒   MAGISTRATE JUDGE

   Maynor Galvez                N/A                            N/A
   Deputy Clerk         Court Reporter / Recorder            Tape No.

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
            NONE                                              NONE

**PROCEEDINGS:**   (IN CHAMBERS: PLAINTIFFS' MOTION TO COMPEL)

**I.**
**INTRODUCTION**

On July 28, 2008, the parties filed a Joint Stipulation Re: Plaintiffs' Motion to Compel Further Responses to Requests for Admission, Interrogatories, and Requests for Production of Documents and Things, along with the declarations of Steven M. Tindall in support of the motion and Albert Huang in opposition to the motion.  On August 5, 2008, Plaintiffs filed a Supplemental Memorandum in Support of the Motion to Compel.  On the same date, Defendant also filed a Supplemental Memorandum in Opposition to the Motion to Compel.

Amtrak employs Reservations Sales Agents, including Plaintiffs, in Riverside, California to assist Amtrak customers by telephone.  In their First Amended Complaint ("FAC"), Plaintiffs allege that, prior to late January 2007, Amtrak uniformly and unlawfully (1) required these employees to work through all or part of their meal and rest periods in order to comply with Amtrak's on-phone productivity policy, which requires agents to assist customers at least 97.2% of their work day; (2) failed to provide these employees accurate itemized wage statements as required by California law; and (3) failed to pay terminated employees all of the wages they were owed at the time of termination.  (FAC at ¶¶ 10-17.)  A hearing on Defendant's Motion for Summary Judgment is currently scheduled for September 15, 2008, at 9:00 a.m.  A hearing for determination of class certification is currently scheduled for November 10, 2008, at 10:00 a.m.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  EDCV 07-304-SGL(OPx)                     Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

Page 2

---

On August 19, 2008, the motion to compel came on for hearing. The Court has considered the aforementioned pleadings as well as the arguments of counsel. As set forth below, the Court grants in part and denies in part Plaintiffs' motion to compel.

II.
DISCUSSION

In order to certify a class under Rule 23 of the Federal Rules of Civil Procedure, plaintiff must set forth facts that support four requirements: 1) numerosity; 2) common questions of law or fact; 3) typicality of the claims or defenses; and 4) adequacy of the representation. Fed. R. Civ. P. 23(a); see also In re Mego Financial Corporation Securities Litigation, 213 F.3d 454, 462 (9th Cir. 2000).

Plaintiffs contend that, although the proceedings are in the pre-class certification stage, the current discovery is not limited to class certification issues.  Plaintiffs further contend that the requested discovery is relevant to the issues of commonality and typicality as well as liability and damages.  However, the fact that the requested discovery is both relevant to class certification and is merits based does not preclude such discovery.  Plaintiffs also contend that the individual privacy concerns related to the disclosure of certain requested information does not preclude discovery.

Defendant contends that the discovery sought is not relevant to the issue of class certification.  Rather, the discovery is merits based which is premature at the current stage of the proceedings.  As a result, Defendant contends Plaintiffs are not entitled to such individualized discovery. Defendant further contends that the individual privacy concerns related to the disclosure of the requested information precludes such disclosure.

Plaintiffs seek the following specific discovery:

A.      **Requests for Admission Nos. 5 and 6:**

   No. 5: Admit that during the relevant time period, Amtrak did not pay its reservation sales agents in California one hour of wages, at the regular rate, each time a reservation sales agent worked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  EDCV 07-304-SGL(OPx)                Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

                                                            Page 3

---

   at least six hours in a day but whose time swipe records did not reflect that he or she took a thirty minute, uninterrupted meal break that day.

   No. 6: Admit that during the relevant time period, Amtrak did not pay its reservation sales agents in California one hour of wages, at the regular rate, each time a reservation sales agent worked at least four hours in a day but whose time swipe records did not reflect that he or she took a ten minute, uninterrupted rest break that day.

The Court finds that the requests for admission are appropriate under Rule 36(b)(1).  Thus, the Court grants Plaintiffs' motion to compel.

**B.   Interrogatory Nos. 2, 3, 4:**

   No. 2: Identify all persons who worked for Amtrak as reservation sales agents in California at any time during the relevant time period.

   No. 3: For each person identified in response to interrogatory no. 2, please provide the last known address and telephone number for that person.

   No. 4: For all persons identified in response to interrogatory no. 2, state the dates of their employment with Amtrak.

These interrogatories seek contact information for potential class members. The Court finds that the information should be provided, as the contact information could well be useful for Plaintiffs to determine the commonality and typicality prongs of Rule 23.  Putnam v. Eli Lilly and Co., 508 F.Supp.2d 812, 814 (C.D. Cal. 2007); see also Babbitt v. Albertson's. Inc., 1992 WL 605652, *5-6 (N.D. Cal. Nov. 30, 1992) (court ordered production at pre-certification stage of names, addresses, telephone numbers and social security numbers of current and past employees, commenting that "[d]efendant has access to this information, and plaintiff should have the same access.  Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue.") The Court recognizes the privacy interest in not having the

individual names and addresses disclosed to third parties.  However, the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

**Case No.**   EDCV 07-304-SGL(OPx)                    **Date:** August 20, 2008

**Title:** Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

                                                                       **Page 4**

---

Court has balanced the asserted right to privacy against the relevance and necessity of the information being sought and finds that a protective order can strike the appropriate balance between the need for the information and the privacy concerns.  Putnam, 508 F.Supp.2d 814; see also Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances.")  Thus, the Court grants Plaintiffs' motion to compel.

**C.    Interrogatory Nos. 6, 7, 8:**

   No. 6: Identify all persons who worked for Amtrak during the relevant time period who worked in the "statistical room" or "stat office" in California.

   No. 7: For all persons identified in response to interrogatory no. 6, state the dates of their employment with Amtrak.

   No. 8: For all persons identified in response to interrogatory no. 6, state their job titles.

The Court finds that the requested discovery is relevant to the issues of commonality and typicality.  Putnam, 508 F.Supp.2d at 814.  The Court balanced the asserted right to privacy against the relevance and necessity of the information being sought and finds that a protective order can strike the appropriate balance between the need for the information and the privacy concerns.  Thus, the Court grants Plaintiffs' motion to compel.

**D.    Interrogatory No. 9:** Identify each person with knowledge or information that is or may be relevant to any allegations in Amtrak's answer, and for each, state the nature and substance of such knowledge or information and the means by which the individual acquired such knowledge or information.

An ongoing obligation exists for parties to supplement disclosures or responses made pursuant to Rule 26(a).  Fed. R. Civ. P. 26(e)(1).  Here, Defendant has made its initial disclosure, has produced numerous pages of

documents as well as detailed answers to interrogatories.  Defendant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  EDCV 07-304-SGL(OPx)                    Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

Page 5

---

further plans to make available to Plaintiffs Rule 30(b)(6) deponents on subjects relevant to the issue of class certification.  Thus, the Court denies Plaintiffs' motion to compel.

**E.**     **Interrogatory Nos. 11, 12:**

   No. 11: If you contend that class certification is not appropriate in this case under Rule 23 of the Federal Rules of Civil Procedure, identify every specific fact, document, or communication (whether written or oral) upon which you base your contention that class certification is not appropriate.

   No. 12: If you contend that class certification is not appropriate in this case under Rule 23 of the Federal Rules of Civil Procedure, identify every specific fact, document, or communication (whether written or oral) upon which you base your contention that class certification is not appropriate.

The Court finds that the interrogatories are appropriate contention interrogatories under Rule 33(a)(2) and are relevant to the issue of class certification.  Thus, the Court grants Plaintiffs' motion to compel.

**F.**     **Request for Production No. 30:** all pay stubs issued by Amtrak to any reservation sales agent in California during the relevant period.

The Court finds that the requested discovery is relevant to the issues of commonality and typicality.  Putnam, 508 F.Supp.2d at 814.  The Court balanced the asserted right to privacy against the relevance and necessity of the information being sought and finds that a protective order can strike the appropriate balance between the need for the information and the privacy concerns.  The Court has also considered any undue burden production the requested documents may impose on Defendant.  The Court grants Plaintiffs' motion to compel in part.  Defendant shall produce a representative sample of the requested documents to Plaintiffs which shall consist of a single pay stub per pay period from a randomly selected reservation sales agent.

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA


                        CIVIL MINUTES-GENERAL
```

Case No.  EDCV 07-304-SGL(OPx)                    Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

Page 6

---

**G.   Request for Production Nos. 43 and 53:**

>   No. 43: All documents evidencing, reflecting or referring to
>   the amount of time any reservation sales agent in California
>   assisted Amtrak customers during the relevant time period,
>   including, but not limited to, their Individual Employee On
>   Phone Reports, their Individual Employee Summary Reports, their
>   Monthly On Phone (Team) Reports, their On Phone Reports, their
>   Agent Profile Detailed Reports, and their Unaccountable Time
>   Worksheets.

>   No. 53: All documents evidencing, recording, or detailing the
>   hours worked by persons holding a reservation sales agent
>   position in California during the relevant time period,
>   including, but not limited to, the Agent Daily Punch List and
>   any reports reflecting their time clock swipes.

Courts may use "expert statistical and survey evidence" in determining if a claim is amenable to class treatment. Brinker Restaurant Corp. v. Superior Court, 165 Cal.App.4th 25, 80 Cal.Rptr.3d 781, 801 (Cal.App. 4 Dist. 2008) (citing Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal.4th 319, 333 (2004)). However, the requested evidence only purports to show when rest or meal breaks were taken. It would not show why rest or meal breaks were taken. That question is a highly individualized inquiry not relevant to class certification. Brinker, 80 Cal.Rptr.3d at 801; see also Brown v. Federal Express Corp., 249 F.R.D. 580, 587 (C.D. Cal. 2008). Thus, the Court denies Plaintiffs' motion to compel.

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                       CIVIL MINUTES-GENERAL
```

Case No.  EDCV 07-304-SGL(OPx)                Date: August 20, 2008

Title: Cyril Hunte, et al. v. National Railroad Passenger Corp., d/b/a Amtrak

                                                              Page 7

-------------------------------------------------------------------------------

                                III.
                             CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel is granted in part and denied in part.  Defendants shall have thirty (30) days from the date of this order to produce supplemental information responsive to the requested discovery.

**IT IS SO ORDERED.**




cc:  All Counsel of Record




                                   Initials of Deputy Clerk     MG


CV-90 (10/98)
CIVIL   MINUTES   -   GENERAL